OPINION OF THE COURT
Michael A. Sciortino, J.
*839 I. Procedural History
The defendant, Louis James Liccione, was charged by information with violating section 5-3 of chapter 5 of the Code of the Village of Hilton, Local Law No. 9 (1991), entitled “Curfew Law” (hereinafter referred to as the Hilton Curfew Law), in connection with an incident allegedly occurring on the 18th day of June, 2012, in the Village of Hilton, County of Monroe, State of New York. The defendant was initially arraigned and entered a plea of not guilty on June 26, 2012. Thereafter, defendant’s counsel filed a motion to dismiss the accusatory instrument pursuant to Criminal Procedure Law § 170.35 (1) (c) and the United States and New York State Constitutions, on the ground that the charged offense under the Hilton Curfew Law is unconstitutional as applied to the particular facts of this case and on its face. The People of the State of New York on behalf of the Village of Hilton oppose the defendant’s motion to dismiss and argue that the Hilton Curfew Law is constitutional on its face.
II. Statement of Facts and Sworn Affidavits
By way of information, Monroe County Sheriff’s Deputy P Trubia alleged that “the defendant was found on the street in front of 98 South Avenue in the Village of Hilton after 11:00 p.m. and is currently only 17 years of age.” The information further states that “[i]t shall be unlawful for any person under the age of eighteen years of age to remain upon any public street, sidewalk or any public place starting at 11:00 p.m. on week days (Sunday-Thursday) and 12:00 a.m. (Fridays and Saturdays).” The additional facts upon which the information is based states that the defendant specifically committed the alleged offense at 2:08 a.m. in the Village of Hilton.
In support of the motion to dismiss, the defendant submits an affirmation of Christian J. Kennedy, stating that the Hilton Curfew Law “violates the defendant’s due process rights to enjoy freedom of movement and a parent’s right to control the upbringing of [his or her] children.” The defendant argues that Hilton’s Curfew Law “is almost identical to Chapter 45 of the Code of the City of Rochester,” also in the County of Monroe, “which established a nighttime curfew for juveniles in the City of Rochester.” The defendant further submits in support of the motion that the New York State Court of Appeals declared chapter 45 of the code of the City of Rochester unconstitutional *840 in Anonymous v City of Rochester (13 NY3d 35 [2009]). The defendant states that “the Court of Appeals held that under intermediate scrutiny, defendants must show that the ordinance is substantially related to the achievement of important government interests.” In City of Rochester, the defendant states that the governmental interest asserted was “to prevent minors from perpetrating and becoming victims of crime during nighttime hours.” Defendant states that “[w]hile this is clearly an important governmental interest, its expression does not end the intermediate scrutiny analysis.” In addition, defendant states that there must be “a substantial nexus between the burdens imposed by the curfew and the goals of protecting minors and preventing juvenile crime.” Defendant further argues that “although the government need not produce evidence of this relationship to a scientific certainty, the purpose of requiring proof of that close relationship is to ensure the validity of a classification is determined through reasoned analysis rather than through the mechanical application of traditional, often inaccurate, assumptions.” Under that level of scrutiny, the defendant argues that the Court of Appeals found that the Rochester Curfew Law was unconstitutional and that the Hilton Curfew Law “mirrors Rochester’s in both statute and reason for the law. As such, Hilton’s Curfew Law would also be unconstitutional.”
The defendant also argues that the Court of Appeals additionally concluded that the Rochester Curfew Law imposes an unconstitutional burden on a parent’s substantive due process rights. In that case, the City of Rochester asserted that the ordinance promotes “parental supervision” of minors but the defendant argues in this case that the curfew fails to offer parents enough flexibility or autonomy in supervising their children. Defendant states that “if a parental consent exception were included in the curfew, it would be a closer case,” noting that courts have upheld curfews having, among other things, such an exception as only minimally intrusive upon the parent’s due process rights. The defendant contends that based upon the Court of Appeals’ decision in City of Rochester, the Hilton Curfew Law violates the United States and New York State Constitutions and moves the court to dismiss the charge, or in the alternative, to hold a hearing on the disputed facts.
The People oppose the motion and submit an affidavit of Janet Surridge and an affirmation of Lawrence Schwind in opposition to the motion to dismiss. The submitted affidavit of Janet *841 Surridge contains sworn statements that she is the village manager for the Village of Hilton and has served in that capacity since June 1, 2009 prior to which Village Manager Surridge served as the Clerk/Treasurer for the Village of Hilton from October 4, 1982 through June 1, 2009. The affidavit further states that Village Manager Surridge is fully familiar with the duty and responsibility of maintaining records in the Village of Hilton’s regular course of business. The affidavit states that “prior to the Hilton law’s enactment, numerous residents complained to Village officials, and various Village officials observed personally, that minors were habitually gathering in the Village after dark, engaging in vandalism, making unreasonable noise, causing alarm and concern and otherwise creating a disturbance.” Village Manager Surridge further states that “the Monroe County Sheriffs Department reported to the Village that minors were routinely gathering in the Village after dark, particularly within the Village’s central business district, and engaging in the above activities.” Village Manager Surridge further states that “in response to the complaints from residents and reports from law enforcement, the Village enacted the Curfew Law, in part to reduce juvenile crime, particularly vandalism, and other disturbances created by minors after dark.” Lastly, Village Manager Surridge states that “since the Curfew Law’s enactment, the Village has experienced a marked decrease in juvenile crime.”
The affirmation submitted in opposition by Lawrence Schwind states that Attorney Schwind has served as the attorney for the Village of Hilton since 1989 and argues that this court is not required to find the Hilton Curfew Law unconstitutional under the Court of Appeals’ decision in City of Rochester based upon the fact that the Court of Appeals did not hold that all curfew laws are unconstitutional. Attorney Schwind argues that the Court of Appeals rather provided the framework under which curfew laws should be analyzed for constitutional purposes. Attorney Schwind submits further that the Hilton Curfew Law is distinguishable from that at issue in the City of Rochester case and states that this court must examine the impetus behind the curfew and decide whether the ends justify the means. Attorney Schwind states that the purpose of the ordinance was to reduce juvenile crime and vandalism, protect the children of the municipality, and reinforce parental authority.
“The Village enacted its law in response to disturbances and vandalism committed by minors specif! *842 cally. As the Village attorney, I recall the circumstances surrounding the curfew’s enactment. Prior to the curfew, I recall a number of residents complaining to the Village Board about minors gathering in the Village after dark, engaging in vandalism, causing noise and otherwise creating a disturbance. I further recall members [of the] Monroe County Sheriff’s Department, which was and remains responsible for patrolling the Village, reported seeing minors gathered in the Village and engaging in the above activities.”[1]
Attorney Schwind further states that “the Village enacted the curfew in response to an ongoing issue with minors causing trouble after dark” and submits that “a curfew prohibiting minors from roaming the streets between the late night hours is substantially related to the goal of curbing juvenile crime and vandalism in the Village, especially in light of the exceptions permitted under section 5-4.” The People submit that “the Village is not required to prove the relationship between its curfew and its stated goals with scientific certainty,” but rather “the analysis permits the Court to weigh the evidence and exercise its best judgment.” Attorney Schwind also notes that despite defendant challenging the law on the ground that it does not provide an exception for parental consent, the Hilton Curfew Law does provide a parental exception at section 5-4 (d), although “not as broad as defendant would prefer.”
III. Legal Analysis
The legal analysis of this motion to dismiss begins with a review of the existing Hilton Curfew Law to determine whether it violates the Federal and New York State Constitutions. The Hilton Curfew Law was adopted by the Board of Trustees of the Village of Hilton (hereinafter Village Board) on December 2, 1991 and in effect established a nighttime curfew for juveniles within the Village of Hilton. Section 5-1, entitled “Statement of Authority,” states that “The Village Board pursuant to the authority granted it under Article 4 of the Village Law and Section 10 of the Municipal Home Rule Law of the State of New *843 York hereby enacts as follows.” (Hilton Village Code § 5-1.) A “Statement of Purpose and Findings” with respect to the curfew was set forth by the Village Board in section 5-2. It states that
“[t]he Village Board has determined that large numbers of minors have been congregating in the Village after dark causing general disturbance to residents. In order to reduce juvenile crime and vandalism, protect the children of this municipality, and reinforce parental authority, it is necessary that a curfew be established to keep minors out of public areas after dark.” (Hilton Village Code § 5-2.)
The actual curfew “Restrictions” set forth in the Hilton Curfew Law is embodied in section 5-3. That section states that
“[i]t shall be unlawful for any child, age of seventeen (17) or under, to remain in or upon any public street, sidewalk, highway, park, vacant lot or other public place starting at 11:00 p.m. Sunday thru Thursday and ending at 5:00 A.M. the next day; and starting at 11:59 EM. Friday and Saturday and ending at 5:00 A.M. the next day.” (Hilton Village Code § 5-3.)
The Hilton Curfew Law provides for certain exceptions at section 5-4 which make the prohibition under the curfew inapplicable:
“[t]he following shall constitute valid exceptions to the operation of the curfew:
“(a) At any time, if the child is accompanied by his or her parent, legal guardian, or other responsible person who is over the age of twenty-one and approved by the child’s parent or legal guardian;
“(b) If the child is legally employed, for the period from one-half hour before to one-half hour after work, while going directly between his or her home and place of employment. This exception shall also apply if the child is in a public place during curfew hours in the course of his or her employment. To come under this exception, the child must be carrying a written statement from the employer attesting to the place and hours of employment;
“(c) If the child is coming directly home from a school activity or an activity of a religious or other voluntary association, or a place of public entertainment, such as a movie, play or sporting event. The exception will apply for one-half hour after the *844 completion of such event, but in no case beyond 1:30 A.M.
“(d) If the minor is exercising first amendment rights protected by the Constitution, such as the free exercise of religion, speech, or assembly, provided the minor first has given notice to the Administrator by delivering written communication signed by the minor and countersigned by a parent of the minor which specifies when, where, in what manner, and for what first amendment purpose the minor will be on the streets at night during the curfew period.” (Hilton Village Code § 5-4.)
A minor who has failed to comply with the Hilton Curfew Law is penalized pursuant to the “Violations” section of the law. Section 5-5 provides that
“[f]ailure to comply with this law shall be a violation as defined in Section 55.10 of the New York State Penal Law and penalties may be imposed thereunder and pursuant to Section 80.05 of the New York State Penal Law. Any penalties or damages recovered or imposed under this law are in addition to any other remedies available at law or equity.” (Hilton Village Code § 5-5.)
Penal Law § 55.10 (3) designates the offense as a “violation” and Penal Law § 80.05 (4) states that “[a] sentence to pay a fine for a violation shall be a sentence to pay an amount, fixed by the court, not exceeding [$250.00].”
Curfew ordinances have long been enacted in cities around the country and numerous cases, both state and federal, have addressed similar constitutional issues implicated by these curfews. (See e.g. City of Rochester, 13 NY3d 35; see also State v J.P., 907 So 2d 1101 [Fla 2005]; Treacy v Municipality of Anchorage, 91 P3d 252 [Alaska 2004]; Ramos v Town of Vernon, 353 F3d 171 [2d Cir 2003]; City of Sumner v Walsh, 148 Wash 2d 490, 61 P3d 1111 [2003]; Hutchins v District of Columbia, 188 F3d 531 [DC Cir 1999]; Schleifer by Schleifer v City of Charlottesville, 159 F3d 843 [4th Cir 1998]; Nunez by Nunez v City of San Diego, 114 F3d 935 [9th Cir 1997]; Qutb v Strauss, 11 F3d 488 [5th Cir 1993]; Johnson v City of Opelousas, 658 F2d 1065 [5th Cir 1981].) In contending that the Hilton Curfew Law is unconstitutional under the Federal and New York State Constitutions, the defendant relies almost exclusively upon the holding in City of Rochester. In opposition, the People state that the Hilton Curfew Law is distinguishable from that of the City of Rochester in critical aspects, and submits that the Court of *845 Appeals’ decision in City of Rochester does not mandate that the Parma Town Court strike down the Hilton Curfew Law. Once again, the issue for this court then is whether the existing Hilton Curfew Law violates the Federal and New York State Constitutions.
By way of background, in City of Rochester, the Court of Appeals found unconstitutional a curfew which made it unlawful for persons under 17 to be in or about a public place during certain times of the night. (See City of Rochester, 13 NY3d 35.) The City of Rochester curfew provided for six specific exceptions, for example, for minors returning home from employment and those accompanied by a responsible adult. (See id. at 41-42.) Applying intermediate scrutiny, the Court of Appeals found the curfew unconstitutional on two grounds. First, there was not a “substantial nexus” between the curfew and the City of Rochester’s important governmental interest. Second, the curfew imposed an unconstitutional burden on a parent’s substantive due process rights and that it lacked an exception for parental consent. (See id. at 48-51.)
Turning to the first part of analysis, this court must determine whether there is a substantial nexus between the curfew and the Village of Hilton’s governmental interests. Under intermediate scrutiny, the government entity must show that the challenged law is substantially related to an important governmental interest. (See id. at 48, citing Craig v Boren, 429 US 190 [1976].) In enacting its curfew, the City of Rochester stated that its purpose was to “reduce youth victimization and crime and . . . advance the public safety, health and general welfare of the citizens of the City.” (Id. at 43.) The Court of Appeals agreed that the City’s governmental interest was an important one, and the question was whether the curfew was “substantially related” to that interest. (See id. at 43, 48.) There, the Court of Appeals found that “the proof offered by the City fail[ed] to support the aims of the curfew.” (Id. at 48.) In particular, the Court found that the crime statistics submitted by the City failed to prove that minors were any more likely to commit or be the victim of a crime during curfew hours. (See id. at 49.)[2] In considering the proof offered, the Court of Appeals concluded *846 that the curfew failed to “ensure that the population targeted by the ordinance represented that part of the population causing trouble or that was being victimized.” (Id.)
In the present case before this court, proof has been submitted by the People that the Hilton Curfew Law was passed with a more specific governmental interest in mind — that is, to curb disturbances and vandalism caused by minors, and also to protect the children of the municipality. (See Hilton Village Code § 5-2.) As submitted in the affidavit of Village Manager Janet Surridge and the affirmation of Village Attorney Lawrence Schwind, it appears that the impetus behind the Hilton Curfew Law was an ongoing issue with minors disturbing the peace and engaging in vandalism after dark. The Village Board received numerous complaints from village residents and reports from the Monroe County Sheriffs Department about minors in the village. In short, the aim of the Hilton Curfew Law was to curb specific behavior perpetrated by minors in particular. The proof offered in support of the Hilton Curfew Law is hardly scientific in nature, but as the United States Supreme Court has held, the Village need not prove the relationship between its curfew and its stated goals with scientific certainty. (See Ginsberg v New York, 390 US 629, 642-643 [1968].) In showing a substantial nexus between the burdens imposed by the Hilton Curfew Law and the goals of protecting minors and preventing juvenile crime, the Supreme Court has explained that although the government need not produce evidence of this relationship to a scientific certainty (see Ginsberg at 642-643), the “purpose of requiring [proof of] that close relationship is to assure that the validity of a classification is determined through reasoned analysis rather than mechanical application of traditional, often inaccurate, assumptions.” (City of Rochester, 13 NY3d at 48, quoting Mississippi Univ. for Women v Hogan, 458 US 718, 725-726 [1982].) The proof also offered to this court demonstrates that the Hilton Curfew Law was enacted in response to complaints about minors specifically and there is no question that “the population targeted by the [curfew] represents] that part of the population causing trouble.” (Id. at 49.)
Turning to the second part of analysis, this court must determine whether the Hilton Curfew Law violates a parent’s *847 substantive right to due process. The Court of Appeals in City of Rochester found it significant that the City’s curfew did not provide an exception “allowing for parental consent to the activities of minors during curfew hours.” (13 NY3d at 50.) In fact, the court noted that had a parental exception been included in the curfew, it would have been “a closer case.” (Id.) In the present case before this court, and as indicated in the analysis above, section 5-4 (d) expressly states a parental exception, which provides the following:
“If the minor is exercising first amendment rights protected by the Constitution, such as the free exercise of religion, speech, or assembly, provided the minor first has given notice to the Administrator by delivering written communication signed by the minor and countersigned by a parent of the minor which specifies when, where, in what manner, and for what first amendment purpose the minor will be on the streets at night during the curfew period.” (Hilton Village Code § 5-4 [d].)
Clearly, the exception in the Hilton Curfew Law is not a blanket parental exception that allows a minor to stay out during curfew hours and engage in whatever activity he or she desires so long as his or her parent consents. However, this court agrees with the People’s position that parental exceptions to curfew laws are not created equal, and the exception provided in the Hilton Curfew Law is actually quite broad compared to others favorably cited by the Court of Appeals in the City of Rochester decision. (See Treacy v Municipality of Anchorage, 91 P3d 252, 269 [2004] [City’s curfew ordinance was constitutional]; see also Hutchins v District of Columbia, 188 F3d 531, 545 [1999] [District’s juvenile curfew was constitutional]; Schleifer by Schleifer v City of Charlottesville, 159 F3d 843, 851-852 [1998] [City’s curfew statute was constitutional]; Qutb v Strauss, 11 F3d 488, 495-496 [1993] [City’s nocturnal curfew was constitutional].) Moreover and equally compelling, there are no restrictions whatsoever on the activities a minor may engage in during curfew hours if he or she is accompanied by a parent, guardian, or authorized adult over the age of 21. (Hilton Village Code § 5-4 [a].) Based upon this court’s review of the Hilton Curfew Law it is clear that the law offers parents significant “flexibility [and] autonomy in supervising their children” in that it allows a parent to “pre-approve . . . specific activities] after curfew hours” without requiring adult supervision and consistent with the holding in the City of Rochester case. (City of Rochester, 13 NY3d at 50-51.)
*848 It is accepted that a municipality has general police powers and, under the traditional powers of parens patriae, a strong interest in preserving and promoting the welfare of children. (See id. at 46.) As Justice Pigott eloquently states in the dissenting opinion in City of Rochester, “[o]ur society recognizes that juveniles in general are in the earlier stages of their emotional growth, that their intellectual development is incomplete, that they have had only limited practical experience, and that their value systems have not yet been clearly identified or firmly adopted.” (Id. at 56, quoting Schall v Martin, 467 US 253, 265-266 n 15 [1984].) Because of the immaturity and consequent vulnerability of children, the power of the State to control the conduct of children reaches beyond the scope of its authority over adults, even where the freedom that is curtailed is one that would be constitutionally protected were the child an adult. (See Prince v Massachusetts, 321 US 158, 170 [1944].)
The Village of Hilton has general police powers and a strong interest in preserving and promoting the welfare of children. Evaluating the Hilton Curfew Law by the level of scrutiny set forth in City of Rochester, the Hilton Curfew Law and the alleged burdens imposed by the law do not outweigh the governmental and community interests of protecting minors from becoming victims of crime. The curfew ordinance in the Village of Hilton is merely a minimal intrusion on a parent’s rights and in applying intermediate scrutiny, this court concludes that the Hilton Curfew Law is narrowly tailored to serve its important governmental purpose of preventing juvenile crime. (See City of Rochester, 13 NY3d at 59.)
In conclusion, the Hilton Curfew Law mirrors common sense. The decision to enact the Hilton Curfew Law, while based in part perhaps on objective data, was also based in substantial part on the subjective judgment of experienced local civic leaders, who believed the ordinance to be the best way of dealing with a very troubling problem. This judgment, in this court’s opinion, is entitled to considerable deference. It is regrettable that the curfew was determined to be necessary in the Village of Hilton; but it is equally regrettable if the Parma Town Court prevents the Village of Hilton from implementing a reasonable plan to protect its youth. (See id. at 60.) For these reasons, this court concludes that the Hilton Curfew Law is constitutional and defendant’s motion should therefore be denied.
*849 IV Conclusions of Law
Accordingly, after a full opportunity to have had due deliberation thereon, this court concludes that the Hilton Curfew Law is constitutional under the United States Constitution and the New York State Constitution and the defendant’s motion to dismiss the accusatory instrument is denied in its entirety. As such, it is hereby ordered, decreed, and adjudged, that the defendant’s motion to dismiss the accusatory instrument pursuant to Criminal Procedure Law § 170.35 (1) (c) and the United States and New York State Constitutions, on the ground that the charged offense under the Hilton Curfew Law is unconstitutional as applied to the particular facts of this case and on its face, is hereby denied.

. During the scheduled argument, counsel for the defendant orally moved for disqualification and/or withdrawal of the village attorney on the basis that the village attorney was a fact witness to the enactment of the Hilton Curfew Law. The court initially denied that motion for disqualification and/or withdrawal as it applies to the motion to dismiss and once again reaffirms its denial at this time.

. In reviewing the statistical data evaluated by the Court of Appeals in City of Rochester (13 NY3d 35), it is interesting to note that between 2000 and 2005 most of the 13 juvenile murder victims in Rochester would have been in violation of Rochester’s curfew ordinance at the time of the murders. In addition, 45% of homicides in Rochester occurred during curfew hours which *846 make up only 40 out of the 168 hours in a week, a surprisingly high percentage given that the curfew hours make up less than 25% of the hours in a week. Notwithstanding this persuasive statistical data for upholding the law, the Court of Appeals struck down the law as being unconstitutional.